# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**DEANDRAE HOUSTON**, *Individually, and on behalf of himself and other similarly situated current and former employees*,

    Plaintiff,

v.

**WATCHMAN SECURITY, LLC,**

    Defendant.

NO. _____

**FLSA Opt-In Collective Action**

**JURY DEMANDED**

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Named Plaintiff, DeAndrae Houston ("Plaintiff"), individually, and on behalf of himself and all other similarly situated hourly-paid security guards as a class, brings this Fair Labor Standards Act ("FLSA") collective action against Watchman Security, LLC ("Defendant") and states as follows:

### I.  INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated security guards as defined herein.

2. Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half their regular hourly rate of pay, as required by the FLSA.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.  PARTIES

4.  Defendant Watchman Security, LLC is an inactive Tennessee Limited Liability Company with its principal offices located at 253 Walnut Trace Drive, Cordova, Tennessee 38018-6802.

5.  Plaintiff DeAndrae Houston has been employed by Defendant as a hourly-paid security guard within this district at all times material to this collective action. Plaintiff Houston's consent to join form is attached as *Exhibit A*.

## III.  JURISDICTION AND VENUE

6.  This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

7.  Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendant conducted business in this district and Plaintiff was employed by and performed work for Defendant in this district during all times material to this action.

## IV.  CLASS DESCRIPTION

8.  Plaintiff brings this action on behalf of himself and the following similarly situated persons as a class:

> All current and former hourly-paid security guards of Defendant during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. *§* 216(b). (Collectively, "the class").

## V.  COVERAGE

9.  At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of 29 U.S.C. § 203(d).

10.  Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29

U.S.C. § 203(r) at all times mentioned hereinafter.

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. Plaintiff and similarly situated hourly-paid security guards, as employees of Defendant, were engaged in commerce during all times material to this collective action.

13. At all times material to this action, Defendant has been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

14. Plaintiff and similarly situated hourly-paid security guards have been "employees" of Defendant as that term is defined in the FLSA and, individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206 – 207.

## VI.    FACTUAL ALLEGATIONS

15. Defendant provides security services to businesses and other entities in Memphis, Tennessee and surrounding areas.

16. Defendant established and administered the pay practices related to Plaintiff and similarly situated hourly-paid security guards during the three years preceding the filing of this collective action.

17. Plaintiff and other similarly situated hourly-paid security guards routinely worked and performed security services for Defendant in excess of forty (40) hours per week within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

18. At all times material to this action, Defendant has had a time keeping system for the purpose of recording the hours worked by Plaintiff and similarly situated hourly-paid security guards.

19. Defendant has had a common practice of requiring Plaintiff and class members to remain at their respective work sites and perform "holdover" security duties (after being "clocked-out" for pay purposes) at the end of their scheduled shifts until their replacements arrived at the work site to relieve them of their security duties.

20. In keeping with this practice, Plaintiff and class members remained at their work site (after being "clocked-out" for pay purposes) at the end of their scheduled shifts and continued to perform security duties until their replacements relieved them, all without being compensated at the applicable FLSA overtime rates of pay within weekly pay periods for such "off the clock" time – during all times material to this action.

21. Defendant was aware it was not compensating Plaintiff and those similarly situated security guards for the time they performed such "off-the-clock" holdover work.

22. Defendant failed to "edit-in" to its timekeeping system or compensate Plaintiff and those similarly situated for the time they performed such "off the clock" holdover work at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

23. The "off-the-clock" holdover wage claims of Plaintiff and those similarly situated are

unified through a common theory of Defendant's FLSA violations.

24. Defendant's common practice of not compensating Plaintiff and class members for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

25. Defendant's failure to compensate Plaintiff and those similarly situated for such "off the clock" holdover times was willful with reckless disregard to the FLSA overtime compensation requirements and, without a good faith basis.

26. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

27. The net effect of Defendant's common practice of failing to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this collective action, is that it unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings this case as a collective action on behalf of himself and class members pursuant to 29 U.S.C. § 216(b) to recover from Defendant unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other related damages.

29. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a

failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay within weekly pay periods during all times material, as required by the FLSA.

30. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class relative to Defendant's time keeping, pay practices and compensation practices.

31. Plaintiff and class members are similarly situated because their unpaid "off the clock" claims are unified through a common theory of Defendant's FLSA violations.

32. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

33. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims.

34. Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

35. Defendant was aware Plaintiff and class members performed compensable "off the clock" holdover duties while waiting for their replacements to relieve them after the end of their scheduled shifts.

36. Their "off the clock" holdover duties resulted in work performed excess of forty (40) hours

per week within weekly pay periods and required overtime compensation to be paid as required by the FLSA.

37. Nonetheless, Defendant operated under a common practice to deprive Plaintiff and class members of such overtime compensation.

38. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct caused significant damages to Plaintiff and the collective class.

39. Defendant did not have a good faith basis for its failure to compensate Plaintiff and class members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

40. Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their unpaid overtime.

41. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

42. The precise number of the class is not known by Plaintiff at this time but he believes there are more than 40 putative class members. The exact number of putative class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

43. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, text messaging and by posting notice in all of Defendant's work sites.

44. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

45. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

46. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

47. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

48. At all times material, Defendant was an "employer" of Plaintiff and each class members, as such term is defined by the FLSA.

49. Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

50. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

51. As a result of Defendant's common practice of requiring Plaintiff and class members to remain at their respective work sites and continue performing (holdover) duties after the end of their assigned shifts until their replacements relieved them, and its failure to compensate them for such time at the applicable FLSA overtime compensation rates of pay, as previously described, Defendant has violated the FLSA and is liable to them for such unpaid overtime compensation.

52. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at

    least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

53. Through its actions Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

54. Defendant's actions were willful with reckless disregard to clearly applicable FLSA provisions.

55. Defendant's actions were not in good faith.

56. The unpaid overtime claims of Plaintiff and the class are unified through a common theory of Defendant's FLSA violations.

57. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

58. Therefore, Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

   a) Award Plaintiff and class members FLSA statutory damages against Defendant;

   b) Award Plaintiff and class members all unpaid overtime compensation against Defendant;

c) Award Plaintiff and class members for an amount equal to their unpaid overtime compensation, pursuant to the applicable FLSA wage and overtime rates;

d) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

e) Award Plaintiff and class members liquidated damages in accordance with the FLSA;

f) Award prejudgment interest (to the extent that liquidated damages are not awarded);

g) Award Plaintiff and the class members reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

h) Award post-judgment interest and court costs as allowed by law;

i) Enter an Order designating this action as an opt-in collective action under the FLSA;

j) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

k) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

l) Provide additional general and equitable relief to which Plaintiff and class members may be entitled; and

m) Provide further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: March 21, 2023.                    Respectfully Submitted,

*s/ J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***